FILED

03/07/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0393

DA 22-0393

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 41N

ANNELIES AIKING-TAYLOR,

       Plaintiff and Appellant,

    v.

OLIVER SERANG,

       Defendants and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-19-1076
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Annelies Aiking-Taylor, Self-represented, Missoula, Montana

      For Appellee:

      Louis C. Villemez, ASUM Legal Services, University of Montana,
Missoula, Montana

               Submitted on Briefs:  February 8, 2023

                    Decided:  March 7, 2023

Filed:

                       _____
                               Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Annelies Aiking-Taylor appeals from the Amended Judgment and Orders entered by the District Court upon remand of this landlord-tenant matter, following this Court's Opinion in the first appeal. *Aiking-Taylor v. Serang*, 2021 MT 118N, 404 Mont. 554, 485 P.3d 746. There, this Court affirmed the District Court's judgment in favor of tenant Oliver Serang "in all respects," including an award of $27,946.25 in attorney fees and $45 in costs, "except for the $1,000 in statutory damages awarded to Serang for Aiking-Taylor's two MCPA [Montana Consumer Protection Act] violations," which damages were reversed. *Aiking-Taylor*, ¶¶ 16, 18. We reversed the MCPA *damages* because Serang had already recovered the damages by withholding his last month's rent payment. *Aiking-Taylor*, ¶ 16. We did not reverse the judgment that Aiking-Taylor had twice violated the MCPA. In affirming the attorney fee award, the Court cited the provisions of the MCPA and Residential Landlord and Tenant Act, as well as the written agreement between Aiking-Taylor and Serang, which granted reasonable attorney fees and costs to the prevailing party in litigation, and concluded that Serang was the prevailing party in this

matter. *Aiking-Taylor*, ¶ 17.[1]  The case was remanded to the District Court for entry of an amended judgment to that effect.  *Aiking-Taylor*, ¶ 18.

¶3      On March 31, 2022, after remand, the District Court entered an Amended Judgment, which stated that, pursuant to this Court's Opinion in the first appeal, "[j]udgment in this matter is amended to state that the District Court's award of $1,000 in statutory damages to Defendant Oliver Serang is withdrawn."  On April 28, 2022, Aiking-Taylor filed a Motion to Amend the Amended Judgment, arguing that because the Amended Judgment "awards no damages" to Serang, and Aiking-Taylor had been awarded $55.59 for an unpaid utility bill, Aiking-Taylor was now the prevailing party and was entitled to her reasonable attorney fees and costs, rather than Serang.  On May 18, 2022, the District Court entered an Order denying Aiking-Taylor's motion to amend the judgment, reasoning that this Court had upheld its judgment denying Aiking-Taylor's damages claims.

¶4      On June 15, 2022, Aiking-Taylor filed a second motion to amend the Amended Judgment, again arguing that Aiking-Taylor should be deemed the prevailing party as the only party to be awarded damages, that being the $55.59 utility bill, and disagreeing with a statement in the original Judgment that Serang had "agreed at all times to pay" the bill.  Aiking-Taylor also made extensive arguments about other issues previously decided in the case.   On June 22, 2022, the District Court entered an Order and Judgment denying the second motion to amend the judgment, concluding Aiking-Taylor was engaging in

[1] We also noted that Aiking-Taylor had not challenged the reasonableness of the fees awarded by the District Court. *Aiking-Taylor*, ¶ 17.

3

frivolous efforts to challenge matters previously ruled upon by the District Court and this Court, which had caused the court and counsel to expend time unnecessarily and to incur additional fees. The District Court declared Aiking-Taylor to be a vexatious litigant and, in consequence, granted Serang $1,260 in attorney fees for having to respond to Aiking-Taylor's filings, which Serang had requested, and ordered that the Clerk of the District Court "shall not accept any further pleadings from [Aiking-Taylor] without first Court approval."

¶5      Aiking-Taylor now appeals, arguing primarily that the District Court erred by denying her requests to be declared the prevailing party in the litigation, but the arguments are unavailing. In the first appeal, this Court reversed the $1,000 in MCPA *damages* awarded to Serang only because Serang had already effectively recovered them by withholding his final rent payment to Aiking-Taylor. We thus reversed to avoid a double payment of damages to Serang, and did not reverse the determination that Aiking-Taylor had committed *violations* of the MCPA for which Serang was entitled to damages. Thus, on that issue, Serang was, and continued to be, the prevailing party. Further, with the exception of a $55.59 utility bill, Serang prevailed on all other issues and, therefore, was clearly the prevailing party in the litigation entitled to an award of attorney fees under the governing statutes and the parties' written agreement. Indeed, this Court so held in the first appeal, which is the law of the case. *See Aiking-Taylor*, ¶ 17 ("Serang is the prevailing party."). Aiking-Taylor's continuing myopic focus on a statement made in the original judgment about the $55.59 utility bill is ill-advised, and the continued litigation on this point, requiring expenditure of additional time and expense for the parties and the courts,

4

was held to be frivolous by the District Court. Clinging to the above-described arguments, Aiking-Taylor argues on appeal the District Court erred by so concluding, but we affirm the declaration and penalty.

¶6 Serang is entitled to attorney fees incurred in this appeal.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Further, the District Court did not abuse its discretion.

¶8 Affirmed, and remanded for entry of an amended judgment granting Serang his attorney fees on appeal.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

5